GREGORY LEE
PLAINTIFF,

12-cv-09180
Judge John J. Tharp, Jr
Magistrate Judge Mary M. Rowland

VS

CHICAGO TRANSIT AUTHORITY
DEFENDANT

RECEIVED
11-15-12
NOV 1 5 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## NATURE OF ACTION

This is an action brought against Chicago Transit Authority ("CTA") under Title 1 of the Americans with Disabilities Act 1990, Title 1 of the Civil Rights Act of 1991 and Civil Rights Act of 1964, to correct unlawful employment practices on the basis of disability and to provide appropriate relief. Mr. Lee alleges that he was terminated on account of his disability rather than accommodating him by extending his leave or providing other reasonable accommodations and in retaliation for filing previous EEOC charges. Further CTA discriminated against a class of individuals (including but not limited to Gregory Lee) with disabilities by maintaining an inflexible sick leave policy and attendance disciplinary policy which instead provided for termination of employment, all in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. &&451, 1331, 1337, 1343 and1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act 1990 ("ADA"), 42 U.S.C & 12117(a), which incorporates by reference Section 706 and Section 707 of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C &2000e-5 and 20000e-7
2. The employment practices alleged to be unlawful were committed within the State of Illinois.

## PARTIES

3. Plaintiff Gregory Lee, a citizen of the United States, resident of the State of Illinois is expressly authorized to bring this action by Section 107(a) of the ADA, USC & 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. &2000e-5(f)(1) and (3).
4. At all relevant times Chicago Transit Authority ("CTA") was doing business in the State of Illinois and had at least 15 employees.
5. At all relevant times CTA was an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. &12111(5), and Section 101(7) of the ADA, 42 U.S.C.&12111(7), which incorporates by reference Section 701(g),and (h) of Title VII, 42U.S.C. &&2000e(g)
6. At all relevant times. CTA was a covered entity under Section 101(2) of the ADA, 42 U.S.C.&1211(2), 42 U.S.C Section 2000(e).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of the lawsuit, Gregory Lee filed a Charge of Discrimination with EEOC alleging Violations of Title I of the ADA by CTA. All conditions precedent to the institution of this lawsuit have been fulfilled.
8. In 2010 CTA terminated the employment of Gregory Lee, an employee with disabilities, rather than accommodating him by extending his leave or engaging in the interactive process of discussing other possible reasonable accommodations. Mr. Lee was subsequently reinstated to a position of employment with CTA. Mr.Lee filed a Charge of Discrimination with the EEOC.
9. On November 11, 2011 Gregory Lee became ill while at work for CTA. He was removed from the work place in an ambulance and hospitalized. There after CTA management would not engage in the interactive process of discussing reasonable accommodations with Mr. Lee.
10. Mr. Lee requested and was approved for CTA short term disability leave pursuant to the CTA sickness insurance program. While still on approved leave Mr. Lee was terminated on April 3, 2012.
11. CTA has a benefit program which provides that an employee may apply for and receive disability allowance benefits once the employee is on sickness allowance for a period of 26 weeks and cannot return to work. Said benefits are not available if an employee has been terminated prior to the conclusion of the 26 weeks.
12. In 2012 CTA terminated the employment of Gregory Lee, an employee with disabilities, rather than accommodating him by extending his leave or engaging in the interactive process of discussing other possible reasonable accommodations. As a result, Mr. Lee filed amended EEOC charge no. 440-2011-00089.
13. The unlawful employment practices complained of in paragraph 8,9,10 and 12 were done in violation of Section 102(a) and102(b)(3)(a) and (b)(5) and of Title I of the ADA,42U.S.C &&12112(a) and 12112 (b)(3)(a) and (b)(5).
14. The effect of the practice complained of in paragraph 8,9,10 and 12 above has been to deprive Gregory Lee of equal employment opportunities and otherwise adversely affect his status as an employee because of his disabilities and in retaliation for filing a prior EEOC complaint.
15. The unlawful employment practices complained of above were intentional.
16. The unlawful employment practices complained of above were arbitrary and capricious.
17. The unlawful employment practices complained of above were done with malice, reckless and deliberate indifference to the rights of Gregory Lee set forth in the statutes cited above.
18. At all relevant times the CTA has maintained an inflexible medical leave policy which does not provide for reasonable accommodations of employees and which is arbitrary and capricious by subjecting employees to disciplinary action and/or administrative termination and deprives employees of their right to obtain disability benefits through the CTA pension plan in violation of Section 102(a) and 102 (b)(3)(a) and (b)(5) of Title I of the ADA.
19. The effect of the practices complained of in paragraph 18 above has been to deprive a class of disabled employees of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.
20. The unlawful employment practices complained of in paragraph 18 are intentional.
21. The unlawful employment practices complained of in paragraph 18 were done with malice and reckless indifference to the statutory rights of disabled employees.

PRAYER FOR RELIEF

Wherefore, Mr. Lee respectfully request that this Court.:

A. Grant a permanent injunction enjoining The Chicago Transit Authority, its officers, successors, assigns and all persons in active concert or participation with them from engaging in any employment practices which discriminates on the basis of disability.
B. Order CTA to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of the unlawful employment practices of CTA.
C. Order CTA make whole Gregory Lee by Providing Appropriate back pay with prejudgment interest in amount to be determined at trial , and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.
D. Order CTA to make whole Gregory Lee by providing compensation for past and future pecuniary losses resulting from his unlawful termination, including but not limited to job search expenses
E. Order CTA to make whole a class of disabled employees who were unlawfully disciplined and or terminated by providing compensation for past and future pecuniary losses resulting from the effects of the unlawful employment practices of CTA
F. Order CTA to make whole Gregory Lee by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8,9,10 and 12 above , including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.
G. Order CTA to pay Gregory Lee punitive damages for its malicious and reckless conduct as described in paragraphs 8,9,10 and 12 above, in amounts to be determined at trial.
H. Order CTA to make whole a class of disabled individuals by providing them appropriate back pay with prejudgment interest, in amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.
I. Order CTA to make whole a class of disabled individuals by providing them compensation for past and future pecuniary losses from their unlawful termination, including but not limited to job search expenses.
J. Order CTA to make whole a class of disabled individuals by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 18 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.
K. Order CTA to pay a class of disabled individuals punitive damages for its malicious and reckless conduct as described in paragraph 18 above, in an amounts to be determined at trial.
L. Grant such relief as the Court deems necessary and proper in the public interest.
M. Award Mr. Gregory Lee his cost of this action.

JURY TRIAL DEMAND

Mr. Gregory Lee request a jury trial on all questions of fact raised by his complaint.

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Gregory Lee
10503 S. Ave H
Chicago, IL 60617

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| AMENDED 440-2011-00089 | Gloria M. Mayfield, Investigator | (312) 869-8028 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*     9/6/2012

John P. Rowe, District Director     (Date Mailed)

Enclosures(s)

cc:

**CHICAGO TRANSIT AUTHORITY**