IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY LEE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12-cv-09180 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gregory Lee is a former employee of Defendant Chicago Transit Authority ("CTA"). He alleges that the CTA discriminated against him on the basis of his disability and retaliated against him for seeking an accommodation for his disability by terminating his employment, in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Before the Court is the CTA's motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 45.) For the reasons stated below, the CTA's motion to dismiss is granted.

BACKGROUND

According to the Second Amended Complaint,[1] Lee first became a CTA employee in September 1988. (Second Am. Compl. ¶ 4, Dkt. No. 36.) His most recent position there was Transportation Manager. (*Id.*) Lee alleges that he suffered a stroke in February 2010 and was diagnosed with hypertension. (*Id.* ¶ 7.) He also claims that he suffers from anxiety, depression, and headaches, all of which are exacerbated by stress. (*Id.*) To accommodate these medical

---

[1] For purposes of this motion, the Court accepts the allegations of the Second Amended Complaint as true and draws all permissible inferences in Lee's favor. *See, e.g.*, *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

conditions, Lee sought reassignment to a different work assignment or location with less stress than the position he held, but the CTA refused his request. (*Id*.)

Lee further alleges that he was discharged by the CTA on or about August 31, 2010. (*Id.* at 6.) He filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and was subsequently reinstated by the CTA. (*Id*.) On November 11, 2011, Lee suffered another stroke at work and "requested an accommodation of a transfer to a different work environment due to his anxiety, depression, and headaches which then diminished his ability to concentrate and his memory." (*Id*. ¶ 8.) The CTA did not respond to his request. (*Id*.) Lee then applied for short-term disability benefits, which were granted effective November 12, 2011 and continuing through April 30, 2012. (*Id*. ¶ 9.) Lee claims that he continued to receive benefits through the short-term disability plan until November 2012. (*Id.*)

At some point, Lee received a letter dated April 3, 2012 advising him that he was terminated effective the date of the letter. (*Id*. ¶ 10.) The Second Amended Complaint does not say when Lee actually received the letter. However, it does allege that the reason provided for his termination was "that [his] medical conditions prevented him from returning to his position of employment." (*Id*. ¶ 11.) Lee claims that, according to CTA policies, employees are entitled to "a period of short-term disability of not less than six months with an additional period being available up to one year." (*Id*. ¶ 12.) In addition, the CTA Pension Plan "provides for a disability allowance if the employee has received 26 weeks of disability benefits." (*Id.*) Lee was terminated prior to the conclusion of the 26-week period. (*Id.*)

Based on these allegations, Lee asserts a claim against the CTA under the ADA for discrimination and failing to accommodate his disability. He identifies his disability as "hypertension, anxiety and depression, and the results of said conditions; severe headaches, loss

of concentration, and memory loss" and claims that these conditions prevent him from "performing regular life functions including his job duties without modification." (*Id*. ¶ 13.) Lee also claims that the CTA retaliated against him for filing his EEOC charge by failing to accommodate him, failing to review or discuss his accommodation request, disregarding CTA policies regarding medical leave, "maintaining a practice of releasing employees due to their medical inability to return to work without regard for the circumstances of the employee," and terminating his employment "to deprive him of benefits pursuant to the CTA pension plan." (*Id*. ¶¶ 14–15.) With the present motion, the CTA seeks to dismiss the Second Amended Complaint in its entirety.

## DISCUSSION

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While the complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Id*. at 555. The plaintiff must "'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Additionally, while a *pro se* complaint "is to be construed liberally and held to less stringent standards, . . . courts 'are not bound to accept as true a legal conclusion couched as a factual allegation." *Yates v. John Marshall Sch.*, No. 08 C

4127, 2009 WL 1309516, at *2 (N.D. Ill. May 11, 2009) (quoting *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).

**I.      Lee's Discrimination Claim**

The ADA was enacted "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). To state a claim under the ADA for discrimination, Lee must adequately allege (1) he has a disability within the meaning of the statute; (2) he is otherwise qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) his employer took adverse job actions against him because of the disability or failed to make reasonable accommodations. *Stevens v. Ill. Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000). The ADA defines "disability" as "(a) a physical or mental impairment that substantially limits one or more major life activities of an individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

A plaintiff is substantially limited in the major life activity of working when he is "'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.'" *Kupstas v. City of Greenwood*, 398 F.3d 609, 612 (7th Cir. 2005) (quoting 29 C.F.R. § 1630.2(j)(3)(i)). If a plaintiff does not connect the dots regarding his alleged disability and his substantial limitations, the facts alleged may not be sufficient to overcome a motion to dismiss. *See Abdul-Aziz v. Show Dep't Inc.*, No. 09 C 7609, 2010 WL 3516157, at *2 (N.D. Ill. Aug. 25, 2010) (granting motion to dismiss, in part, because "[p]laintiff does not allege *how* his ability to lift his arm has been limited or how that limitation affects his ability to perform the tasks of a warehouse/dock worker.").

Here, Lee fails to allege how his medical conditions substantially limit his ability to work. Rather, he simply asserts that he has hypertension, anxiety, and depression, that he has suffered strokes, and that his conditions result in headaches and loss of concentration and memory. In response to the CTA's motion to dismiss, Lee argues that the Second Amended Complaint "specifically describes both [his] disability and how it effects [sic] major life activities" and that "concentrating, thinking, and working are all examples of major life activities." (Pl.'s Resp. at 1, Dkt. No. 53.) Lee also alleges in the Second Amended Complaint that he "sought a reassignment to a different work assignment or location with less stress than his current position to accommodate these medical conditions." (Second Am. Compl. ¶ 7, Dkt. No. 36.) Yet, as noted by the CTA, Lee fails to allege what his job duties were, which duties he could perform, and which duties he could not perform due to his medical condition. Instead, he alleges only that he was most recently a Transportation Manager.[2]

Lee also does not satisfy the second requirement for an ADA claim: he has made no specific allegations regarding how he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation. The Second Amended Complaint alleges only that "[h]e is qualified to perform the essential job functions of his position and other positions of employment at CTA with accommodation." (*Id.* ¶ 4.) This statement is a "legal conclusion couched as a factual conclusion," as it merely restates the legal standard for ADA claims. *Iqbal*, 556 U.S. at 678 (internal citation and quotation omitted). It also does not include any detail regarding Lee's qualifications, let alone "adequate detail." *EEOC v. United Parcel Service*, NO. 09 C 5291, 2010 WL 3700704, at *5 (N.D. Ill. Sept. 10, 2010).

---

[2] In his response to the motion to dismiss, Lee argues that the CTA knows his job duties because it is his employer. (Pl.'s Reply at 2, Dkt. No. 53.) Regardless of what information the CTA may have regarding Lee's official job duties, as the plaintiff in this lawsuit, Lee has the obligation of pleading the elements of his claim. That includes pleading what he understands his job duties to have been and which of those duties he could not perform due to his disability.

Accordingly, Lee's claim for discrimination under the ADA must be dismissed.

## II. Lee's Retaliation Claim

Lee also asserts a claim for unlawful retaliation, alleging that the CTA took adverse actions against him because he filed an EEOC charge. The Second Amended Complaint is not altogether clear whether Lee intends to bring his retaliation claim under the ADA or Title VII. The Second Amended Complaint suggests that he intends to rely upon Title VII, and not the ADA, for his retaliation claim. However, Title VII only forbids retaliation against someone who "has opposed any practice made an unlawful employment practice" by Title VII itself or because he has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under that statute. 42 U.S.C. § 2000e–3(a). And Title VII does not address discrimination on the basis of disability, which is the only form of discrimination alleged by Lee in this case. *See* 42 U.S.C. § 2000e–2(a)(1) (prohibiting discrimination based on race, color, religion, sex, or national origin). Thus, there appears to be no legal basis for Lee to bring his retaliation claim under Title VII. *See Hammer v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 224 F.3d 701, 707 (7th Cir.2000) (plaintiff cannot establish retaliation when opposing conduct that is not prohibited by Title VII).

Lee may, however, pursue a claim under the ADA for alleged retaliation in response to his complaints regarding the CTA's failure to accommodate his disability. In its briefs in support of its motion to dismiss the Second Amended Complaint, the CTA appears to assume that Lee brings his retaliation claim under the ADA and, in light of Lee's *pro se* status, this Court will do the same. *See Wyhh v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (pleadings drafted by *pro se* litigants are be liberally construed and not held to the same stringent standards as pleadings prepared by lawyers).

To state a retaliation claim under the ADA, Lee must allege: (1) that he engaged in a statutorily protected activity; (2) that he suffered an adverse action; and (3) a causal link between the protected activity and the adverse action. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 690 (7th Cir. 2010). A showing that the adverse action occurred fairly soon after the employee's protected expression can be sufficient from which to infer retaliatory motive. *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1009–10 (7th Cir. 2000). That said, Lee cannot simply allege that his protected activity preceded the adverse action in order to show that the former caused the latter. *Bermudez v. TRC Holdings, Inc.*, 138 F.3d 1176, 1179 (7th Cir. 1998) (discussing the logical fallacy of *post hoc ergo propter hoc*). Instead, he must "produce facts which somehow tie the adverse decision to [his] protected actions." *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918 (7th Cir. 2000).

In his response to the motion to dismiss, Lee states that his retaliation claim is based on the CTA's reaction to an amendment to his initial EEOC charge and that "since the time the charge was filed until the termination Defendant continued to engage in violations of the ADA." (Pl.'s Resp. at 2, Dkt. No. 53.) But the Second Amendment Complaint does not include any allegations regarding an amendment to the EEOC charge, and a plaintiff may not amend his complaint through arguments in a response brief. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (a court's determination of a motion to dismiss is "limited to the pleadings."). Even in his response brief, Lee does not provide any detail regarding the timing of the amendment to this EEOC charge relative to the timing of the alleged retaliatory conduct or otherwise connect the amendment to any actions that CTA took against him. Thus, even if the Court could consider the amendment in connection with the instant motion to dismiss, it would not save Lee's retaliation claim.

## CONCLUSION

For the reasons stated above, the CTA's motion to dismiss the Second Amended Complaint is granted. The Court finds that the Second Amended Complaint does not adequately plead a claim for discrimination based on Lee's disability or retaliation. This does not mean that there is no version of the facts that Lee could allege to survive a motion to dismiss. And for that reason, Lee will be provided one final opportunity to amend his complaint to attempt to state a viable claim. Lee shall have until May 15, 2015 to file a Third Amended Complaint that cures the deficiencies discussed in this opinion. He is reminded to include in the Third Amended Complaint all of the facts, including any facts regarding the amendment to his EEOC charge, upon which he seeks to rely. This will be the final amendment permitted by the Court.

ENTERED:

Dated: April 22, 2015

_____

Andrea R. Wood
United States District Judge